**F. W. PITTS, G. Graham Segars, Marion M. Gandy, Robert K. Bass, Walter G. Wofford, Guss Hoffmeyer, A. R. Mims, George L. Timmons, A. T. J. Morrison, Harrell L. Gardner, and Edward E. Saleeby, proposed organizers of The First National Bank of Hartsville, a national banking association in the process of formation, Plaintiffs,**

v.

**William B. CAMP, Comptroller of the Currency of the United States, Defendant.**

**Civ. A. No. 69–979.**

District Court of the United States,
D. South Carolina,
Florence Division.

Oct. 15, 1970.

Benny R. Greer, Darlington, S. C., for plaintiffs.

Wistar D. Stuckey, Asst. U. S. Atty., Columbia, S. C., for defendant.

SIMONS, District Judge.

This is an action seeking to compel the Comptroller of the Currency of the United States to issue a charter on a new national bank to be operated in the City of Hartsville, South Carolina. The plaintiffs, the proposed organizers of the new bank, allege in their Complaint that the Comptroller's denial of their charter application was illegal and beyond the scope of the powers of his office, or in the alternative that such denial was unreasonable, arbitrary and capricious. Plaintiffs seek judicial review of the defendant's decision contending (1) that they have fulfilled all requirements of the law as set forth in the National Bank Act, 12 U.S.C. §§ 21–27, and that the defendant had no authority to deny them their right to commence the banking business pursuant to such statutes; and (2) that even if the defendant had any statutory authority to exercise a discretion in this matter, he has abused such discretion and that the court should grant its Order directing the defendant to issue a certificate to plaintiffs to operate the proposed national bank.

The matter is presently before the court upon defendant's motion to dismiss plaintiffs' action upon the ground that (1) the court lacks jurisdiction over the subject matter because the denial by the defendant of an application for a na-

tional bank charter is a matter committed to his unreviewable discretion by Congress; and (2) that the plaintiffs fail to state a claim upon which relief can be granted. The vital question for determination by the court is whether the denial by defendant, the Comptroller of the Currency, of an application for a national bank charter is subject to judicial review.

The defendant contends that the denial of a national bank charter is a matter which is committed to agency discretion and is not subject to judicial review under the provisions of the Administrative Procedure Act. The relevant section of the APA is 5 U.S.C. Sec. 701 (formerly 5 U.S.C. Sec. 1009), which provides in part as follows:

(a) This chapter applies, according to the provisions thereof, except to the extent that—

(1) statutes preclude judicial review; or

(2) agency action is committed to agency discretion by law.

Plaintiffs contend that under the judicial review provisions of the Administrative Procedure Act, 5 U.S.C. Sec. 701–706, they are clearly entitled to judicial review in this case inasmuch as they come within the ambit of 5 U.S.C. 702 which provides that a person suffering legal wrong because of agency action, or adversely affected, or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review.

During oral argument and in subsequently filed written briefs counsel for neither party has called the court's attention to any appellate court decision which dealt precisely with this question or met this issue headon; neither has the court in its study of this question been able to find such a decision.

It is noted, however, that there are an abundance of cases dealing with factual situations similar, but not identical, to the situation at hand. Some of these cases have held that agency action is not subject to judicial review, while others

have held that such action is subject to judicial review. For example the Court of Appeals for the Fourth Circuit has specifically held that the Comptroller's decision to appoint a receiver for a national bank in South Carolina is a matter "exclusively within the judgment and discretion of the Comptroller * * * and he is in respect thereto in no manner amenable to any court, nor is his action subject to review therein." Liberty National Bank of South Carolina at Columbia v. McIntosh, 16 F.2d 906 (1927). Likewise, in two cases heavily relied upon by defendant which are quite similar to the instant case, the Court of Appeals for the District of Columbia held that the denial by the relevant federal banking agency of an application for a charter is a matter which is committed to administrative discretion and not subject to judicial review. Apfel v. Mellon, 59 App.D.C. 94, 33 F.2d 805 (1929), cert. den'd. 280 U.S. 585, 50 S.Ct. 35, 74 L.Ed. 634. (Plaintiff sought to compel the Federal Reserve Board to approve the organization of a corporation to engage in international and foreign banking operations under the Edge Act). Federal Home Loan Bank Board v. Rowe, 109 U.S.App.D.C. 140, 284 F.2d 274 (1960). (Plaintiff sought a declaratory judgment and injunctive relief against the FHLBB to compel the issuance of a charter for a federal savings and loan association).

On the other hand numerous cases have held that the action of the Comptroller of the Currency in either granting or denying approval of the establishment of a branch of a national bank, pursuant to 12 U.S.C. § 36(c), is reviewable under the Administrative Procedure Act. The Fourth Circuit in First National Bank of Smithfield, North Carolina v. Saxon, 352 F.2d 267 (1965), in dealing with this question stated at page 270:

Abundant authority, with which we agree, holds that the Comptroller's determination in the present area is not immunized from review by the exemption in the preface of § 1009,

APA, reading, 'Except so far as * * * agency action is by law committed to agency discretion.' Any discretion vested in the Comptroller in passing upon applications for approval of bank branches is not the type of discretion to which action has been "committed by law" but is rather one of the character expressly made reviewable by § 1009(e) (1).

See also First Citizens Bank and Trust Co. v. Camp, 409 F.2d 1086 (4 Cir. 1969) which confirmed the premise that the Comptroller's determination to approve branches for a national bank is subject to judicial review to determine whether such findings and conclusions are substantially and rationally supported, and are neither unfair, arbitrary nor capricious. See also Peoples Bank of Trenton v. Saxon, 373 F.2d 185 (6 Cir. 1967), in which the Court stated at page 188:

The scope of judicial review of a determination of the Comptroller is governed by 5 U.S.C.A., Section 706, which is, in applicable part, as follows:

"To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing court shall—

* * * * * *

"(2) hold unlawful and set aside agency action, findings, and conclusions found to be—

"(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

* * * * * *

"(F) unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court.

'In making the foregoing determinations, the court shall review the whole record or those parts of it cited by a party, and due account shall

be taken of the rule of prejudicial error."

Other cases allowing judicial review of the Comptroller's actions in approving the establishment and location of branch banks within the state stautory guidelines in those states which allow branch banking, with the review being generally limited to an abuse of discretion are: Camden Trust Co. v. Gidney, 112 U.S. App.D.C. 197, 301 F.2d 521 (1962), cert. den'd. 369 U.S. 886, 82 S.Ct. 1158, 8 L. Ed.2d 287; Community National Bank of Pontiac v. Saxon, 310 F.2d 224 (6 Cir. 1962); National Bank of Detroit v. Wayne Oakland Bank, 252 F.2d 537 (6 Cir. 1956), cert. den'd. 358 U.S. 830, 79 S.Ct. 50, 3 L.Ed.2d 69.

Of particular significance is the dictum in the Eighth Circuit case of Webster Groves Trust Company v. Saxon, 370 F.2d 381 (1966), which involved an action by a bank for declaratory judgment and injunction to overturn the approval of the Comptroller as to issuance of a new national bank charter. The court there held that neither the National Bank Act, nor the Administrative Procedure Act, nor procedural due process required the Comptroller to hold a formal hearing in reference to the issuance of a new national bank charter, and the appellate court affirmed the district court's denial of relief and entry of judgment in favor of the Comptroller. The Eighth Circuit at pages 386 and 387 stated as follows:

> The Comptroller contends that the courts have no authority to review his act of granting a new bank charter as his discretion is exempt from judicial review under the above § 1009(2). The Fourth Circuit, in First National Bank of Smithfield, North Carolina v. Saxon, 352 F.2d 267 (1965) held that the Comptroller's discretion in processing a branch banking application 'is not the type of discretion to which action has been "committed by law" but is rather one of the character expressly made reviewable by § 1009(e) (1).' To the same effect is Community National Bank of Pontiac v. Saxon,

310 F.2d 224 (6 Cir. 1962). The *Smithfield* case held in the majority opinion that this right of review is to be preserved by the courts reviewing de novo the merits of the Comptroller's actions * * * There are other cases holding a competitor bank has standing to sue to restrain the Comptroller of the Currency from issuing a certificate authorizing a national bank to open a branch bank and that the actions of the Comptroller in issuing such a certificate were subject to judicial review. (Citations omitted).

Thus, though there is ample authority for review of the Comptroller's actions in granting authorization for branch banks, there are no cases holding a right to judicial review of the Comptroller's actions in granting a new bank charter. We recognize that this is an expanding field of the law and that the trend is for the courts to grant some type of judicial review in many of these administrative type proceedings, which concern the granting of licenses, personal rights, and privileges. While the courts have generally refused to review the actions of executive and administrative officials in the conduct of military and foreign affairs, (citations omitted), they have, in areas of commerce (granting licenses, charters and permits) and in actions involving personal liberty, (travel, use of the mails) tended to exercise a brand of limited review. Although the language may vary from case to case as the situation demands, still it is clear that courts do, when the occasion demands, give a limited review to administrative actions even though the administrative action is termed 'discretionary.' (Citations omitted). The action of the Comptroller herein would seem to fall into the general commercial area where discretionary actions are subject to limited review.

Although it appears that the United States Supreme Court has not ruled upon this precise question, it has recog-

nized that there is no presumption against judicial review *unless* such is precluded by statute, or where such agency action is committed to agency discretion by law. Of interest and relevant to this issue is the statement of the Supreme Court in Tooahnippah v. Hickel, 397 U.S. 598, at pages 605 and 606, 90 S.Ct. 1316, at page 1321, 25 L.Ed.2d 600, decided April 27, 1970:

The Administrative Procedure Act contemplates judicial review of agency action 'except to the extent that—(1) statutes preclude judicial review; or (2) agency action is committed to agency discretion by law. * * *' 5 U.S.C. § 701 (1964 ed., Supp. IV). Earlier in this Term in City of Chicago v. United States, 396 U.S. 162, 164, 90 S.Ct. 309, 311, 24 L.Ed.2d 340 (1969), relying on Abbott Laboratories v. Gardner, 387 U.S. 136, 140, 87 S.Ct. 1507, 1510, 18 L.Ed.2d 681 (1967), we noted that "we start with the presumption that aggrieved persons may obtain review of administrative decisions unless there is "persuasive reason to believe" that Congress had no such purpose."

Likewise, in Association of Data Processing Service Organizations, Inc. v. Camp, 397 U.S. 150, 90 S.Ct. 827, 25 L. Ed.2d 184, decided March 3, 1970, the Supreme Court recognized the broad remedial purpose of the generous review procedures of the Administrative Procedure Act and of the congressional intent in reference thereto when at pages 156 and 157, 90 S.Ct. at page 831 it stated:

The Administrative Procedure Act provides that the provisions of the Act authorizing judicial review apply 'except to the extent that—(1) statutes preclude judicial review; or (2) agency action is committed to agency discretion by law.' 80 Stat. 392, 5 U. S.C. § 701(a) (1964 ed., Supp. IV).

In Shaughnessy v. Pedreiro, 349 U.S. 48, 51, 75 S.Ct. 591, 593–594, 99 L.Ed. 868, we referred to 'the generous review provisions' of that Act; and in that case as well as in others (see Rusk v. Cort, 369 U.S. 367, 379–380, 82 S.Ct. 787, 794–795, 7 L.Ed.2d

809) we have construed that Act not grudgingly but as serving a broadly remedial purpose.

We read § 701(a) as sympathetic to the issue presented in this case. As stated in the House Report:

"The statutes of Congress are not merely advisory when they relate to administrative agencies, any more than in other cases. To preclude judicial review under this bill a statute, if not specific in withholding such review, must upon its face give clear and convincing evidence of an intent to withhold it. The mere failure to provide specially by statute for judicial review is certainly no evidence of intent to withhold review." H.R. Rep. No. 1980 79th Cong., 2d Sess., 41.

There is no presumption against judicial review and in favor of administrative absolutism (see Abbott Laboratories v. Gardner, 387 U.S. 136, 140, 87 S.Ct. 1507, 1510–1511, 18 L.Ed.2d 681), unless that purpose is fairly discernible in the statutory scheme. Cf. Switchmen's Union [of North America] v. National Mediation Board, 320 U.S. 297, 64 S.Ct. 95, 88 L.Ed. 61.

We find no evidence that Congress in either the Bank Service Corporation Act or the National Bank Act sought to preclude judicial review of administrative rulings by the Comptroller as to the legitimate scope of activities available to national banks under those statutes. Both Acts are clearly 'relevant' statutes within the meaning of § 702. The Acts do not in terms protect a specified group. But their general policy is apparent; and those whose interests are directly affected by a broad or narrow interpretation of the Act are easily identifiable. It is clear that petitioners, as competitors of national banks which are engaging in data processing services, are within that class of "aggrieved" persons who, under § 702, are entitled to judicial review of "agency action."

After a careful consideration of the issue presented by defendant's Motion to

Dismiss, viewed in the light of the foregoing decisions and comments, this court is constrained to hold that, under the judicial review provisions of the Administrative Procedure Act, plaintiffs are entitled to judicial review of the Comptroller's actions in the instant case. Since the Fourth Circuit Court of Appeals has heretofore held that the Comptroller's exercise of discretion in passing upon applications for approval of bank branches is subject to judicial review, and that "[a]ny discretion vested in the Comptroller in passing upon applications for approval of bank branches is not the type of discretion to which action has been 'committed by law' but is rather one of the character expressly made reviewable by Section 1009(e) (1);" (First National Bank of Smithfield v. Saxon, *supra.*) it is felt that it will, when confronted with this particular issue, hold that the Comptroller's actions, in refusing to approve the application for the establishment of a newly chartered national bank without having held any formal hearing as in the instant case is subject to judicial review to determine whether such action was unfair, arbitrary or capricious. I cannot see any logical reason to distinguish between applications for charters for new national banks and for branch banks. If the courts may review the Comptroller's action in granting or refusing an existing bank's application to open a new branch, why shouldn't his actions in approving or refusing to approve a charter for a new bank be reviewable?

Defendant's Motion to Dismiss plaintiffs' Complaint is hereby denied.

In accordance with 28 U.S.C. § 1292(b), the court certifies that the within Order involves a controlling question of law as to which there are substantial differences of opinion, and deals with a question which apparently has not been squarely decided by an appellate court, and is one of first impression in this court; that an immediate appeal from the within Order denying defendant's Motion to Dismiss plaintiffs' action may materially advance the ultimate termination of the litigation; and

that defendant should be given the right to apply to the Court of Appeals for the Fourth Circuit for permission to take an appeal from the within Order if it should so desire. Should such application be made by defendant and such permission be granted by the Court of Appeals then further proceedings in this case shall be stayed until a determination of the appeal.

And it is so ordered.